KAREN NELSON MOORE, Circuit Judge,
dissenting in part.
I dissent from the majority’s conclusion that Peoples forfeited appellate review of his access-to-courts claim by failing to object to the magistrate judge’s report and recommendation because I believe that exceptional circumstances exist to excuse his forfeiture and that we should reverse the district court’s grant of summary judgment to Marshall and remand for further proceedings. I concur in the judgment that Peoples forfeited appellate review of his retaliation claim and that his other claims are meritless.
I agree with the majority’s conclusion that Peoples’s objections to the magistrate judge’s report and recommendation were inadequate to preserve appellate review of his arguments related to his access-to-courts claim. However, even if his objections are inadequate, we must still analyze whether exceptional circumstances exist to excuse this forfeiture. “[W]e decline to apply the waiver rule where the district court’s error is so egregious that failure to permit appellate review would work a miscarriage of justice.” United States v. Real Property Located at 1184 Drycreek Road, 174 F.3d 720, 725-26 (6th Cir.), cert. denied, 528 U.S. 987, 120 S.Ct. 448, 145 L.Ed.2d 365 (1999); see Thomas v. Arn, 474 U.S. 140, 155 & n. 15, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Poole, 407 F.3d 767, 773 (6th Cir.) (holding that waiver of appeal from failure to raise issues as objections to the magistrate judge’s report may be excused “ ‘in exceptional circumstances’ or where application of the rule would result in a ‘plain miscarriage of justice’ ”), cert. denied, 546 U.S. 913, 126 S.Ct. 279, 163 L.Ed.2d 248 (2005).
The magistrate judge committed plain error in making its finding, accepted by the district court, that the letter Peoples handed to Marshall and attempted to place in legal mail was sealed and thus did not qualify as legal mail under the prison policy. Although Peoples’s initial filing never *465 stated whether the envelope he handed to Marshall was sealed or not — stating only that he submitted an envelope addressed to Hoover, Dist. Ct. Doc. (“Doc.”) 41 (Amended Compl. at 3) — Peoples’s responses to the defendants’ motion for summary judgment clearly stated that Peoples disagreed with Marshall’s statement that the envelopes were sealed, Doc. 67 (Pl.’s Response to Summ. J. Mot. at 7-8), Doc. 69 (Pl.’s Supplement to Response at 3). But the magistrate judge’s report accepted Marshall’s affidavit statement that Peoples presented his letters for Hoover in sealed envelopes, and the magistrate judge neither discussed nor acknowledged any dispute that Peoples had raised regarding this statement. Doc. 109 (Magistrate Judge Report and Recommendation at 10-11). Having accepted Marshall’s statement of this dispositive fact, the magistrate judge recommended granting summary judgment to Marshall on Peoples’s access-to-court claim. I believe that Peoples’s clear statements in his filings, coupled with his objections to the magistrate judge’s report, show that the magistrate judge’s report is obviously incorrect because Peoples did dispute the facts stated in Marshall’s affidavit. This plain error, repeated by the district court, is an exceptional circumstance that justifies excusing Peoples’s waiver of appellate review, and, because a genuine issue of material fact did exist, summary judgment was improper.
I respectfully disagree with the majority’s assertion that the magistrate judge’s plain error in ignoring the genuine issue of material fact raised in Peoples’s summary judgment opposition filings is not an error “so egregious that failure to permit appellate review would work a miscarriage of justice.” 1184 Drycreek Road, 174 F.3d at 725-26. The magistrate judge’s error, repeated by the district court, effectively terminated a potentially meritorious pro se suit. Contrary to the majority’s assertion, Peoples’s complaint against Hoover does allege that the prior misconduct charge that Hoover filed influenced the later decision to place Peoples in administrative segregation. Peoples alleges that Hoover unlawfully filed the theft charges in retaliation for Peoples’s prior complaints to MDOC officials and targeted Peoples because of his race. Peoples alleges that this theft charge on his record was then used by the reclassification committee in its decision to reclassify him to administrative segregation for later misconduct charges.
I also disagree with the majority’s contention that we should consider whether “Peoples took no action to correct the improper service,” Majority Op. at 464, after receipt of the Attorney General’s letter. Peoples asserts that he properly attempted to serve Hoover through the prison’s legal mail procedures but that Marshall refused to process the envelope presented through any process other than the prison’s ordinary internal department mail process. The Attorney General’s letter did no more than to reassert that internal department mail could not be used to effect service, with reference to the Michigan Court Rules. Because Peoples had twice attempted to perfect proper service through the prison’s legal mail procedures, he did not have a reason to “t[ake] ... action to correct the improper service” after receipt of the Attorney General’s letter. Marshall’s refusal to accept Peoples’s envelope for legal mail processing is the crux of Peoples’s suit against Marshall, and I do not believe that receipt of the Attorney General’s letter affects Peoples’s suit.
Furthermore, I cannot agree with the majority’s conclusion that Peoples committed a “double forfeiture” because his “appellate briefs fail to contest the district court’s finding that he did not challenge *466 the dispositive aspects of the magistrate’s report.” Majority Op. at 463. Peoples clearly states in his Supplemental Brief to this court that the district court overlooked his genuine issues of material fact that he raised with regard to Marshall’s refusal to process his legal mail. Pl.’s Supplemental Br. at 4. And a review of the record confirms that Peoples did address the central issues for his access-to-courts claim sufficiently to show that the district court erred in granting summary judgment to Marshall.
From my review of Peoples’s district-court filings, I cannot agree that he is subject to a “double forfeiture” of his access-to-courts claim. For these reasons, I respectfully dissent from that part of the judgment that affirms the district court’s grant of summary judgment to Marshall, and I would vacate the district court’s order in that respect and remand for further proceedings.